**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **KIMBERLY DANIELS,**<br>**Plaintiff,**<br>**v.**<br>**KINGSWAY REGIONAL HIGHSCHOOL DISTRICT BOARD OF EDUCATION, *et al.*,**<br>**Defendants.** | **Case No. 26–cv–11422–ESK–SAK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** having come before the Court on the amended application (Application) of *pro se* plaintiff Kimberly Daniels to proceed *in forma pauperis* (IFP) (ECF No. 4); and plaintiff having brought this action against defendants Kingsway Regional Highschool District Board of Education and East Greenwich Township Board of Education; and the Court having dismissed plaintiff's prior actions in this Court against the same defendants, *Daniels v. Kingsway Regional School District*, No. 25–09294 (D.N.J. July 15, 2025), *Daniels v. Prosecutor Ellyse Peterson*, No. 25–14762 (D.N.J. July 6, 2026)[1]; and the Court finding,

1. Pursuant to 28 U.S.C. §1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets" and "states the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

---

[1] The same defendants as here were named in *Daniels v. Kingsway Regional School District* but identified differently. In *Daniels v. Prosecutor Ellyse Peterson*, defendants were among the parties named in the action. Plaintiff has filed several cases against different defendants in this Court.

2. Plaintiff's affidavit in support of the Application sufficiently establishes an inability to pay the Court's fees.

3. The Court shall accordingly screen the action to determine whether the Complaint (ECF No. 1 (Compl.)) is: (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)–(iii). The Court notes that while pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). 28 U.S.C. §1915(e)(2)(B) directs courts to dismiss an action if it fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also Talley v. Simandle*, 599 F. App'x 33, 34 (3d Cir. 2015) ("In screening IFP complaints, a district court must dismiss an action if it fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant immune to such a claim."). A complaint that fails to state a claim may be dismissed with prejudice upon a finding that amendment would be futile. *See Emrit v. Republic of Cuba*, No. 24–04707, 2025 WL 755694, at *3 (D.N.J. Mar. 10, 2025)

4. When evaluating whether a complaint must be dismissed under 28 U.S.C. §1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5. A complaint must also comply with Rule 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555. A complaint fails to satisfy Rule 8 when the court must sift through irrelevant or unclear allegations to discern the claims asserted, such as where it (a) "contain[s] multiple counts where each count adopts the allegations of all preceding counts"; (b) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (c) fails to separate "into a different count each cause of action or claim for relief"; or (d) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for

which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

6. Plaintiff alleges that defendants discriminated and retaliated against her based on her post-traumatic stress disorder, autism spectrum disorder, and attention deficit hyperactivity disorder and her advocacy concerning her children's education. (*See generally* Compl.) She argues that defendants denied requested disability accommodations, unnecessarily involved law enforcement, issued truancy notices, threatened attendance-related proceedings despite medical documentation, and continued pursuing attendance matters after she relocated and sought to withdraw her child from the district. (*See generally id.*) She seeks relief for First Amendment retaliation under 42 U.S.C. § 1983 and disability discrimination and retaliation under Section 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act (ADA), and the New Jersey Law Against Discrimination (NJLAD). (ECF No. 1 pp. 11–14.)

7. To bring a Section 1983 claim, plaintiffs must "prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011). [S]chool boards, "can be sued directly under [Section] 1983 ... where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Gretzula v. Camden Cnty. Tech. Schs. Bd. of Educ.*, 965 F. Supp. 2d 478, 488 (D.N.J. 2013) (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 690 (1978)). In other words, a school board "cannot be held liable *solely* because it employs a tortfeasor[] or … on a *respondeat superior* theory." *Id.* Plaintiff expressly notes that she is not seeking relief under a theory of *respondeat superior*. (Compl. ¶ 45.) And while she alleges that defendants exhibit a widespread and recurring pattern of infringing on the "rights of parents who report disability related concerns or invoke statutory protections," plaintiff fails to plead any policy or custom that caused her injuries. Because the allegations concern only defendants' treatment of plaintiff, the First Amendment retaliation claim cannot survive.

8. Rehabilitation Act and NJLAD claims apply the same standard as ADA claims. *See Chisolm v. McManimon*, 275 F.3d 315, 324 n.9 (3d Cir. 2001) ("[W]e will confine our discussion to the ADA with the understanding that the principles will apply equally to the Rehabilitation Act and NJLAD claims.") To prevail on a disability discrimination claim, plaintiff must assert that she: (a)

has a disability; (b) was otherwise qualified to participate; and (c) was "denied the benefits of the program or was otherwise subject to discrimination because of [her] disability." *K.N. v. Gloucester City Bd. of Educ.*, 379 F. Supp. 3d 334, 345 (D.N.J. 2019) (quoting *Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 189 (3d Cir. 2009)). To prove retaliation, plaintiff must demonstrate that she (a) "engaged in a protected activity"; (b) "suffered an adverse action"; and (c) "a causal connection exists between the protected activity and the adverse action." *Holland v. Simon Prop. Grp., Inc.*, 495 F. App'x 270, 272 (3d Cir. 2012). "'Protected activity' can consist of informal complaints to management concerning discriminatory activity, participation in antidiscrimination proceedings, opposition to discriminatory practices, or a request for accommodation." *Connolly v. Mitsui O.S.K. Lines (Am.), Inc.*, No. 04–5127, 2007 WL 4207836, at *5 (D.N.J. Nov. 21, 2007). The complaint is unclear as to how defendants' decision not to pursue a HIB investigation, failure to provide plaintiff with additional time to review documents, issuance of truancy notices, and pursuit of attendance proceedings (Compl. ¶¶ 16, 17, 24, 34, 49) was related to plaintiff's disabilities and/or caused her harm. *Lindstrom v. St. Joseph's Sch. for the Blind, Inc.*, No. 15–08084, 2016 WL 5723658, at *5 (D.N.J. Sept. 30, 2016) (dismissing the complaint without prejudice because the complaint did not set forth how the plaintiff "was discriminated against *because of* his disability"). For example, plaintiff does not plead how the denial of her request for an accommodation to review documents harmed her. (Compl. ¶¶ 16, 17.) And although plaintiff asserts she relocated because of defendants' hostile environment, the denial of her request to not be physically present to withdraw her son from school does not appear to be related to her disabilities. (*Id.* ¶ 34.) Also, it is unclear what, if any, protected activity that plaintiff was engaged in that resulted in an adverse action.

Accordingly,

**IT IS** on this **21th** day of **September 2026** **ORDERED** that:

1. The Application (ECF No. 4) is **GRANTED**.

2. The Complaint is **DISMISSED without prejudice.** Plaintiff may file by **October 21, 2026** an amended complaint addressing the deficiencies outlined above. The Court reserves the right to dismiss this action with prejudice for failure to timely file an amended complaint.

3. The Clerk of the Court shall close this action.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**